1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ED FOGG et al.,

                              Plaintiffs,

        v.

RUSHMORE LOAN MANAGEMENT
SERVICES LLC et al.,

                              Defendants.

CASE NO. 3:24-cv-05530-DGE

ORDER DENYING MOTION FOR
LEAVE TO AMEND (DKT. NO. 19)

This case comes before the Court on Plaintiffs' motion for leave to amend their

complaint.  (Dkt. No. 19.)  Plaintiffs seek to add certain additional facts; make slight

amendments to their first and third causes of action; and, most notably, dismiss their second

cause of action and add a new cause of action based on Defendants' alleged nonpayment of

Plaintiffs' insurance.  (*Id*.)  For the reasons articulated herein, this motion is DENIED.

## I        BACKGROUND

Plaintiffs initially filed a complaint in state court on June 3, 2024, which was removed to

federal court on July 2, 2024.  (Dkt. No. 1.)  The Court held a scheduling conference on October

18, 2024, setting, among other things, the deadline for amended pleadings on December 2, 2024

1    and discovery on July 14, 2025. (Dkt. No. 15.)  On July 18, 2025, the Court granted the parties'

2    request for an extension for discovery until September 12, 2025. (Dkt. No. 17.)  Plaintiffs did

3    not raise a desire to amend their complaint at this hearing. (*Id*.)  As of July 7, 2025, Plaintiffs

4    were aware of the facts they cite as the basis for their proposed amendment. (*See* Dkts. 29 at 2–

5    3; 21-2 at 3–4.)

6        Six days after the amended deadline for the close of discovery, Plaintiffs filed a motion

7    for leave to amend their complaint. (Dkt. No. 19.)  Plaintiffs seek to add a variety of new facts,

8    including the removal of the case to federal court (*id*. at 8), information about Rushmore being

9    acquired by Mr. Cooper/Nationstar (*id*. at 9), and information about Rushmore's allegedly

10   improper servicing of Plaintiffs' loan (*id*. at 9–10).  Plaintiffs also make new allegations

11   Defendants "[c]reat[ed] a false or misleading principal balance on Plaintiffs' loan," improperly

12   assessed fees to and denied payments from Plaintiffs, and failed to pay Plaintiffs' property

13   hazard insurance. (*Id*. at 12–13.)  Plaintiffs seek to amend their first and third causes of action as

14   well as entirely rewrite their second cause of action. (*Id*. at 13–15.)  Plaintiffs' motion for leave

15   to amend has been fully briefed. (*See* Dkt. Nos. 28, 31.)

## II    DISCUSSION

### A. Legal Standard

18       Typically, "[t]he court should freely give leave [to amend] when justice so requires."

19   Fed. R. Civ. P. 15(a)(2).  While courts favor granting leaves to amend, five factors can lead

20   courts to deny such motions: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party;

21   (4) futility of amendment; and (5) [if] the plaintiff has previously amended his complaint."

22   *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178,

23   182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith

1    or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

2    previously allowed, undue prejudice to the opposing party by virtue of allowance of the

3    amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely

4    given.'").  But when the motion to amend requires changes to the scheduling order, the moving

5    party must also show good cause for the change.  *Johnson v. Mammoth Recreations, Inc.*, 975

6    F.2d 604, 609 (9th Cir. 1992); *see also Gonzales v. Lake Havasu City*, 836 Fed. App'x. 554, 556

7    (9th Cir. 2020).

8        **B.  Analysis**

9        Plaintiffs' amended complaint would cause undue prejudice and delay without good

10    cause.  Plaintiffs filed their motion approximately five months after they could have learned

11    about the alleged error through communications with their insurer, approximately two months

12    after they learned of the alleged error during a deposition, and approximately a week after the

13    close of discovery.  Granting Plaintiffs' request would require changes to the scheduling order,

14    including re-opening discovery and moving trial.  Courts in the Ninth Circuit have denied

15    plaintiffs leave to amend in similar circumstances.  *See Lockheed Martin Corp. v. Network*

16    *Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (affirming a denial of a motion for leave when

17    the proposed amendment had been considered for three months before filing); *Waters v.*

18    *Weyerhaeuser Mortg. Co.*, 582 F.2d 503, 507 (9th Cir. 1978) (affirming a denial of a motion for

19    leave after the close of discovery when "[t]here was no showing that information to support the

20    [] amended complaint was unknown or unavailable when discovery was closed").

21        While Plaintiffs argue they could not have filed this motion before December 2024 when

22    amended pleadings were due because the payment was not due until early 2025 (*see* Dkt. No. 29

23    at 2), Plaintiffs do not explain why it took them until September 2025, after the discovery cutoff,

24

ORDER DENYING MOTION FOR LEAVE TO AMEND (DKT. NO. 19) - 3

to file this motion. Plaintiffs acknowledge Defendants consistently paid Plaintiffs' insurance premium in February or March of each year from 2020 to 2024. (Dkt. No. 29 at 4.) Arguably, Plaintiff's would have learned whether payment to their insurer was delinquent sometime after March of this year.

At minimum, Plaintiffs were certainly aware of the alleged lack of payment by Defendants in July 2025 when they questioned Rushmore about it at deposition. (*Id*. at 3.) Plaintiffs assert Defendants failed to respond to their requests for additional information about this payment, but they never filed any motion to compel, statement of discovery dispute, or other notice to alert the Court they were considering a new potential claim.

Finally, Plaintiffs also fail to assert confidently the basic and essential facts: whether the insurance was paid or not. Plaintiffs assert Defendants refused to confirm whether they paid for insurance. (Dkt. No. 19-1 at 6.) However, Plaintiffs appear not to have reached out to their insurer to confirm the status of their insurance. Plaintiffs do not explain why they were not able to find a definitive answer as to whether their insurance premium is delinquent. While it is also somewhat unclear why Defendants only assert they "expect" the bill was paid rather than confirming the status and showing futility (Dkt. No. 28 at 10), Plaintiffs have the burden to show good cause to amend their complaint after the deadline.

### III    ORDER

Accordingly, and having considered Plaintiffs' motion for leave to amend their complaint (Dkt. No. 19), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Plaintiffs' motion for leave to amend their complaint is DENIED.[1]

---

[1] Because the Court denies Plaintiffs' motion in full, the original RESPA claim remains pending before this Court and is one of the subjects of the pending motion for summary judgment. No motion for remand will be entertained.

Dated this 15th day of October, 2025.

David G. Estudillo
United States District Judge