UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ED FOGG et al.,

Plaintiffs,

v.

RUSHMORE LOAN MANAGEMENT SERVICES LLC et al.,

Defendants.

CASE NO. 3:24-cv-05530-DGE

ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

This matter is before the Court on its own review of the record. This matter was removed to this Court from the Superior Court of Clark County on July 2, 2024. (Dkt. 1.) This grant of removal was based on both federal question jurisdiction, based on claims brought under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and diversity jurisdiction. (*Id.* at 3-5.)

On October 3, 2025, Plaintiffs filed a motion for partial summary judgment. (Dkt. No. 22.) The same day, Defendants also filed a motion for summary judgment. (Dkt. No. 25.) The

Parties then filed responses and replies corresponding to each motion for summary judgment. (Dkt. Nos. 33, 36, 37, 38.)

A civil action brought in state court may be removed to federal court on the basis of diversity of citizenship jurisdiction or federal question jurisdiction. 28 U.S.C. § 1441. Federal question jurisdiction allows for removal of "claims arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(c)(1)(A). The Plaintiffs' RESPA claim was previously the sole source of federal question jurisdiction. (*See* Dkt. No. 1 at 3.) However, on October 24, 2025, Plaintiffs informed the Court that the RESPA claim was no longer in dispute and requested that the Court withdraw the claim. (Dkt. No. 33 at 27.) With the RESPA claim no longer in dispute (*see id.*), the only remaining basis for removal to federal court is diversity jurisdiction under § 1441(b).

A matter is properly removed based on diversity where the suit is brought between citizens of different states and the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332(a)(1). On November 24, Plaintiffs Ed and Maria Fogg both filed declarations stating that they would "not seek more than $74,999 in damages in this lawsuit." (Dkt. Nos. 42, 43.) This figure does not meet the amount in controversy threshold in U.S.C. § 1332(a)(1) and as such, this Court does not have subject matter jurisdiction over the Plaintiffs' remaining claims.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Accordingly, this Court ORDERS to show cause no later than **Friday October 9, 2026** why this matter should not be remanded to state court for lack of subject matter jurisdiction.

Dated this 5th day of October, 2026.

David G. Estudillo
United States District Judge